**Lester C. LEIST, Plaintiff,**

v.

**UNION OIL COMPANY OF CALIFORNIA, a California Corporation, Defendant.**

**No. 78–C–769.**

United States District Court, E. D. Wisconsin.

May 17, 1979.

Lauer Law Office by Ralph M. Lauer, Clintonville, Wis., for plaintiff.

Foley & Lardner by Ronald M. Wawrzyn, Steven E. Keane, Milwaukee, Wis., George C. Bond, E. A. McFadden and Richard R. Myers, Schaumburg, Ill., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Both parties submitted affidavits in connection with the motion, and the parties agreed to conduct the plaintiff's deposition before the motion was fully submitted. Since the parties have submitted matters outside of the pleadings to the court and I have considered such matters, the motion to dismiss will be treated pursuant to Rule 12(b) as a motion for summary judgment.

The one-count complaint charges the defendant with a violation of the Robinson-

Patman Act, 15 U.S.C. § 13, in connection with its sale of gasoline to the plaintiff during the year 1974 and prior thereto when the plaintiff operated an automobile service station on premises leased to him by the defendant in Cincinnati, Ohio. The complaint was filed on December 1, 1978.

The defendant argues that the case should be dismissed for two reasons. First, the defendant argues that the action is time-barred by 15 U.S.C. § 15b. Second, the defendant argues that under the agreements between the parties, the gasoline was delivered on consignment rather than sold to the plaintiff, and therefore the plaintiff has not met the purchaser requirement for a Robinson-Patman claim. I believe that the first argument has merit and that judgment should be granted in favor of the defendant without consideration of the second argument.

█ Under 15 U.S.C. § 15b, an action to enforce an antitrust claim must be commenced within four years after the cause of action accrues. A cause of action accrues on the date the plaintiff's damages become unspeculative and provable. *Magnus Petroleum Co., Inc. v. Skelly Oil Co.,* 446 F.Supp. 874 (E.D.Wis.1978). In a Robinson-Patman case, determining when damages become provable is rarely a problem since the plaintiff is damaged at the point of sale—that is, when he is sold a commodity at a discriminatory price.

Although there is a dispute in this case whether the gasoline was consigned rather than sold to the plaintiff, there does not appear to be any dispute over the fact that no gasoline was delivered to the plaintiff by the defendant after August 15, 1974. Mr. Donald P. Morris' affidavit states that no gasoline product was delivered after August 15, 1974. The plaintiff has not placed this factual averment in dispute, and nowhere does he claim that he purchased gasoline from the defendant after August 15, 1974.

Thus, the unrebutted facts relied upon by the defendant establish that this action, which was filed on December 1, 1978, was not commenced within four years of any alleged discriminatory sale of gasoline to the plaintiff.

The apparent theory of the plaintiff is that certain agreements were in effect between the parties during 1975 and that their relationship did not completely cease until some time in 1975. However, the Robinson-Patman Act provides relief to persons who purchase commodities at discriminatory prices in a specific sales transaction. *Bruce's Juices v. American Can Co.,* 330 U.S. 743, 755, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947). The plaintiff has pointed to no specific sales transaction which occurred within the limitations period.

██ It is insufficient that the plaintiff retained the right to purchase gasoline from the defendant through 1975, and that the defendant would have sold at discriminatory prices had purchases been made by the plaintiff within the limitations period; one who merely seeks to purchase does not qualify as a purchaser. *Chicago Seating Co. v. S. Karpen & Bros.,* 177 F.2d 863 (7th Cir. 1949).

For these reasons, I am persuaded that the instant claim was not commenced within four years of its accrual, and therefore it may not be maintained. The motion to dismiss, treated as a motion for summary judgment, will be granted.

Therefore, IT IS ORDERED that the defendant's motion to dismiss, treated as a motion for summary judgment, be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's action be and hereby is dismissed.